UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TARA IGLINSKI,

    Plaintiff,

v.                                 Case No. 8:21-cv-1304-VMC-JSS

ELECTRIC INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons set forth below, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Tara Iglinski initiated this personal injury action in state court on April 27, 2021. (Doc. # 1-1 at 3). Thereafter, on May 28, 2021, Defendant Electric Insurance

1

Company removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1 at ¶ 4).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not state a specified damage claim. (Doc. # 1-1 at ¶ 1 ("This is an action for damages that exceeds the sum of [thirty thousand dollars] ($30,000.00), exclusive of costs, interest and attorney's fees[.]")). Instead, in its notice of removal, Electric Insurance relied upon Iglinski's demand of $500,000 and her past and estimated future medical expenses. (Doc. # 1 at ¶¶ 8-10). The notice of removal indicated Iglinski had past

2

"medical bills of over $32,000 as of April 2021 which likely increased" and that her "treating doctor . . . opined her future medical care would cost $158,064.00." (Id. at ¶ 9).

Upon review of Electric Insurance's notice of removal, the Court determined that Electric Insurance had "provide[d] no concrete facts supporting the contention that Iglinski's damages exceed $75,000 other than the past medical bills 'of over $32,000.'" (Doc. # 4). The Court then gave Electric Insurance the opportunity to provide additional information to establish the amount in controversy. (Id.).

Electric Insurance has now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 5). But Electric Insurance still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, Electric Insurance reiterates its position that Iglinski's demand of $500,000, combined with her past and future medical expenses, establishes that the amount in controversy exceeds $75,000. (Id. at 3). Electric Insurance supplements its notice of removal with additional estimated future medical expenses:

> Plaintiff has also undergone evaluation by Dr. Anand Gandhi, who has produced a report indicating Plaintiff's future medical needs will cost $170,093,00, based upon analysis of CPT code billing costs, comprised of $77,104.00 in future

3

>       diagnostic imaging costs; $91,770.00 in physical
>       therapy; $1,219 for consults by a spinal
>       specialist[.]
>
>       * * *
>
>       Plaintiff has also undergone evaluation by Dr.
>       Randal Butch, D.C. who has also produced a report
>       indicating Plaintiff's future medical needs will
>       cost $370.00 per month for medical and therapy
>       office visits for her remaining 35.6-year lifespan,
>       totaling $158,064.00[.]

(Id.; Doc. # 5-7; Doc. # 5-8). And, Electric Insurance cites to Iglinski's civil remedy notice, which "set[s] forth her calculations as to non-economic damages . . . for past pain and suffering of $70,560.00; and future pain and suffering of $2,046,336.00." (Doc. # 5 at 4; Doc. # 5-6).

However, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (explaining that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same). Neither do civil remedy notices. See Green v. Travelers Indem. Co., No. 3:11-cv-922-RBD-TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011) ("Civil Remedy

Notices say nothing about the amount in controversy. They are precursors to bad-faith-failure-to-settle claims that may be brought against an insurer in the future.").

And, although Electric Insurance attempts to use Iglinski's medical providers' opinions that she may need additional medical care in the amounts of $77,104.00, $91,770.00, $1,219, and $158,064.00 for various treatments, the mere possibility of future medical care is too speculative to support such a finding. See Favors v. Dolgencorp, LLC, No. 14-cv-60267-KMM, 2014 WL 11775522, at *2 (S.D. Fla. Nov. 3, 2014) ("While Defendant contends that Plaintiff alleges future medical expenses ranging from $114,000 to $154,000, the Court finds these estimates to be too speculative to establish the amount in controversy by a preponderance of the evidence."); Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *1-2 (M.D. Fla. Feb. 7, 2019) (finding the cost of a $110,000 surgery too speculative as it had not yet been scheduled); Jenkins v. Meyers, No. 8:16-cv-344-EAK-EAJ, 2016 WL 4059249, at *4 (M.D. Fla. July 27, 2016) ("[A]ny determination as to the long term costs resulting from the neck pain cannot be done with any certainty.").

Additionally, Electric Insurance does not provide sufficient detail about Iglinski's pain and suffering or the

5

other unspecified damages she has allegedly experienced. See Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3-4 (M.D. Fla. Aug. 31, 2015) ("[T]he Court will not engage in speculation regarding the value of [the plaintiff's] pain and suffering damages.").

Thus, these categories of damages remain too speculative to include in the amount in controversy calculation and do not support the contention that Iglinski's demand was more than a mere negotiation tactic. See Rodriguez v. Family Dollar, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding the case to state court where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were negotiation tactics).

In short, Electric Insurance has failed to persuade the Court that the amount in controversy exceeds $75,000. The only concrete damages in this case fall below $33,000 and insufficient information has been provided about other categories of damages. Thus, Electric Insurance has not carried its burden of establishing this Court's diversity jurisdiction. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u> day of June, 2021.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE